## MERRICK et al. v. AMERICAN SECURITY & TRUST CO.

### No. 63850.

District Court of the United States for the District of Columbia.

Feb. 1, 1938.

Richard L. Merrick, William J. Rowan, John D. Sadler, D. L. Grantham, I. Brill, Louis O. Hodges, Jr., and Frederick A. Thuee, all of Washington, D. C., for plaintiffs.

J. Spalding Flannery and Stanton C. Peelle, both of Washington, D. C., for defendant.

BAILEY, Justice.

The plaintiffs, who are members of the bar of this court and of a committee on unauthorized practice of the law of the bar association of the District of Columbia, have brought this suit at the request of the bar association to enjoin the defendant from pursuing certain practices which the plaintiff claims constitute the unauthorized practice of the law. The defendant is a trust company authorized by act of Congress to act as administrator, executor, trustee, guardian, and in similar fiduciary capacities. In carrying out these functions it has in its employ members of the bar who prepare legal papers in connection with the business of the defendant. The plaintiff claims that in so doing it is engaged in the practice of law, and thus by its conduct and advertising it holds itself out to the public as having the power to give legal advice to its customers.

The defendant denies that the court has any power in the absence of statute to regulate the practice of the law except as to the actual practice in the court, and relies in part on the refusal of Congress to pass any act forbidding the practice of the law outside of the courtroom. I think, however, that this court certainly has the power to regulate the practice of the law in its broader sense so far as it concerns any legal questions that might necessarily or even probably be passed upon by this court, and to prevent those who are not members of the bar of this court from engaging in such practice or in holding themselves out as authorized to do so. As an example, a layman who advertised that he would prepare pleadings for any one to file in propria persona in this court would, I think, clearly be subject to the authority of the court.

It is true, however, that the situation here differs from that in many other jurisdictions. In addition to this court, the court of general jurisdiction, there are the Court of Appeals which, in addition to

its jurisdiction of appeals from this court, has jurisdiction of certain other classes of cases, such as appeals from the Board of Tax Appeals, the Federal Communications Commission, and others, in matters over which this court ordinarily has no jurisdiction; the Supreme Court with jurisdiction of cases coming from all parts of the country; the Court of Claims; various administrative bodies of a semijudicial nature such as the boards of the Patent Office and in the different departments of the government, the Board of Tax Appeals, and others. Over the practice before these various courts and bodies, this court has no power, nor can it prevent the giving of legal advice as to matters which may come before them or are likely to do so. It results that as to much of the practice of the law, both as to its broader and more restrictive sense in the District of Columbia, this court is powerless to act in the absence of statutory authority.

As to the particular activities charged against the defendant, as a corporation it cannot practice law, but it must be remembered that it is a business corporation, and in carrying out its functions authorized by its charter and by law it can ordinarily employ its own salaried members of the bar. There are of course certain disadvantages in this practice arising from the danger that the attorney will look upon himself and conduct himself more as a servant or employee than as an officer of the court representing his client. But this same situation exists where a railroad company for instance is represented by its general or local counsel, a municipality or the departments of the government by their official attorneys. And it may be doubted whether the disciplinary power of the court over counsel who are officers of the government is altogether as extensive as over the attorneys of the defendant who are members of the bar of this court. As to the latter the court could in a proper case exercise its power of censure or disbarment as fully as in the case of other members of the bar, but many of the lawyers who appear before the court in behalf of the government or its agencies are not members of the bar of this court.

■ The plaintiff charges that the defendant as a corporation engages in the practice of the law when it employs its salaried attorneys in filing papers in court in cases where it has been named as executor in a will or where it has been appointed administrator by the court. It is the duty of an executor to offer the will for probate, and I see no reason why the defendant cannot employ its salaried attorneys to act for it. So also when it has been appointed administrator it would have the same power as to conducting its administration so far as its usual duties in the probate court. In these matters the defendant does not seek compensation for the services of its attorneys from the court and apply the compensation on the salaries of its attorneys, but seeks no fee for its attorneys. I see no difference here from a situation where some businessman who is an executor or administrator has counsel regularly retained on salary and employs them to perform these duties.

When questions arise between the defendant and legatees or distributees or questions arise between the latter, the legatees or distributees necessarily employ their own counsel, but there is no reason why in such cases the defendant may not use its salaried attorneys or employ others.

■ The plaintiff contends that the defendant, when acting in a fiduciary capacity, has only a nominal interest and that the beneficiaries are the real parties in interest, and that its attorney really represents these beneficiaries. The legal title is in the fiduciary, and in actions at law the fiduciary is the only party recognized, and under the present equity rules the beneficiaries under a trust are not ordinarily necessary parties. It is only when there is some conflict between the trustee and the beneficiaries or between the beneficiaries themselves that the latter are necessary parties. As to executors and administrators it is seldom that the beneficiaries are made parties.

■ Plaintiff contends that the defendant is engaged in the practice of the law in that its salaried attorneys give advice on tax questions to those seeking it in reference to the administration of estates, or the preparation of wills. It is seldom that tax questions come before this court, but these questions usually come before the other courts and administrative bodies which I have mentioned. Apart from any question of the practice of the defendant in giving advice on these questions, and I think the testimony shows that it has been limited to matters connected with its functions, this court cannot attempt to

control the practice of those engaged in matters of taxation.

Plaintiff also charges that the defendant is engaged in the practice of the law in cases where its salaried attorneys give advice as to questions of inheritance or distribution. Defendant denies that it gives this advice, but admits that it will show to prospective customers the statutes of distribution, but claims that it tells these customers to consult their own counsel as to legal rights arising from these statutes. These statutes have themselves at times required construction by the courts, but, whether or not the defendant has limited itself to a mere showing of these statutes, I see no reason why, in the course of its business, its attorneys could not give advice on these questions, limited, of course, to those who are contemplating making the defendant an executor, or even proposing to execute instruments in trust making the defendant trustee. And with respect to these trusts I see no reason why the defendant's attorneys cannot give advice and prepare these instruments. To repeat, the defendant is a business corporation and has a right to employ counsel in carrying out its operation and to give advice in these matters, so long as the advice and conduct of these attorneys are confined to the purpose for which the corporation was chartered, and so long as fees are not collected from the customers to be paid into the treasury of the corporation or charged against the salaries of the attorneys.

The defendant has engaged in extensively advertising the advantages of having itself named as executor and also the advantages of executing trusts (with itself as trustee of course). While some of the statements in the advertisements taken apart from the context might seem to indicate that defendant was engaged in the practice of the law, I think that, taken as a whole, they are within the limits of permissible advertisement of its business.

The testimony shows that the defendant has not engaged in the practice of writing wills for some time, and that it does not intend to do so, so that there is nothing before the court on this question.

The bill was filed in good faith, and in part for a declaratory decree. A decree will be entered in accordance with this opinion, and in other respects the bill will be dismissed without costs.